IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CEDEAL HARPER**,

    **Petitioner,**

v.                                                 **Case No.: 3:12-cv-00653**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 2); an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1); Petitioner's Motion for Partial Summary Judgment (ECF No. 6); and seventeen incidental motions filed by Petitioner (ECF No. 3, 4, 5, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 30). By standing order, this case was referred by the Honorable Robert C. Chambers, United States District Judge, to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Upon order of the undersigned, the parties supplied memoranda regarding the threshold issues of the timeliness of the petition and exhaustion of state remedies. (ECF Nos. 27 and 28). Having now fully considered these issues, the undersigned respectfully recommends that the presiding District Judge dismiss this action, without prejudice, for

Petitioner's failure to exhaust state remedies.[1] In addition, the undersigned recommends that the District Court deny Petitioner's remaining motions as they are moot.

I.      **Relevant Factual Background and Procedural History**

On April 19, 2006, a Cabell County, West Virginia jury found Petitioner, Cedeal Harper ("Harper"), guilty of first degree murder in the shooting death of Huntington resident, Wendy Morgan. (ECF Nos. 6-1, 6-2). Harper was sentenced to a life term of imprisonment with mercy. (ECF No. 2 at 1). Thereafter, he was re-sentenced on several occasions to allow him the opportunity to file a direct appeal of his conviction to the Supreme Court of Appeals of West Virginia ("West Virginia Supreme Court"). The last re-sentencing occurred on April 30, 2010. (ECF No. 27-1 at 6). To date, Harper has not filed an appeal.

On December 12, 2008, Harper filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Cabell County, which was assigned Case No. 08-C-1050. (ECF No. 27-1 at 8). Before that petition could be resolved, Harper filed a second Petition for a Writ of Habeas Corpus in the same circuit court, which was assigned Case No. 09-C-23. On January 12, 2009, the two petitions were consolidated under Case No. 08-C-1050. (*See* docket sheet for Case No. 08-C-1050 attached as ECF No. 27-1 at 8-12). According to the docket sheet, Harper subsequently amended the petition two times in 2009 and filed a *Losh* checklist on July 24, 2009.[2] (*Id.*). The circuit court scheduled an omnibus hearing on the petition for November 13, 2009; however, on October 6, 2009, Harper filed a

---

[1] Petitioner's failure to exhaust state remedies is dispositive of all of the pending matters. Thus, the issue of the petition's timeliness is moot and is not addressed herein.

[2] "The *Losh* checklist is a listing of potential grounds for habeas corpus relief, pursuant to the West Virginia Post–Conviction Habeas Corpus Act, W. Va.Code §§ 53–4A–1 to –11 (Repl.Vol.2000), and *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981)." *State ex rel. Thompson v. Ballard* 728 S.E.2d 147, 150 (W.Va. 2012).

motion to stay the habeas proceeding. (*Id.*). The docket sheet reflects that throughout this period, Harper had disagreements with several court-appointed lawyers assigned to represent him, which ultimately resulted in their withdrawal and the substitution of new counsel. (*Id.*).

In December 2009, Harper's then counsel, Steven Jarrell, was replaced by B. Luke Styer, Esq. On February 8 and March 2, 2010, Harper filed Amended Petitions for a Writ of Habeas Corpus, and on June 3, 2010, the stay of the habeas proceeding was lifted. (ECF No. 27-1 at 8-9). The circuit court ordered Harper to file any further amendments to his petition and *Losh* checklist by September 30, 2010 and gave Respondent until October 31, 2010 in which to file an answer to the amended petition. (ECF No. 27-3 at 9). According to the record, Harper continued to have conflicts with his appointed counsel, as well as with the presiding circuit judge, culminating in Harper filing a Writ of Mandamus, Pro Se, with the West Virginia Supreme Court on January 4, 2011. (ECF No. 27-3 at 3, 8-12). By that time, the presiding circuit judge had retired. (*Id.* at 5). A newly appointed judge was scheduled to fill the vacancy effective mid-February 2011.

On April 4, 2011, Harper filed another amendment to his petition seeking habeas relief in the circuit court and requested a status conference. (ECF No. 27-1 at 10). A conference was scheduled to take place on May 13, 2011; however, on May 9, 2011, Harper filed a second petition for a writ of mandamus with the West Virginia Supreme Court in which he complained about his counsel and requested that the Court force the new circuit judge to take various actions in the pending habeas proceeding. (ECF No. 27-3 at 24-27). On June 17, 2011, Harper filed a sixth amendment to his petition for a writ of habeas corpus, (ECF No. 27-1 at 10), and amended it a seventh time on July 5,

2011 with a "cumulative supplement and/or additional amendment." (*Id.*). Harper followed those filings on July 12, 2011 with a third petition to the West Virginia Supreme Court for a writ of mandamus. (ECF No 27-3 at 29-32). On August 15, 2011, the circuit court entered an order releasing Attorney Styer from further involvement in the case and appointing Attorney Stephen Flesher to represent Harper. The circuit court also scheduled a status conference on the pending habeas petition for September 23, 2011. (ECF No. 27-1 at 10). In light of the circuit court's scheduling order, the West Virginia Supreme Court dismissed Harper's requests for a writ of mandamus. (ECF No. 27-3 at 2). On September 12, 2011, Harper moved for the eighth time to amend his petition for a writ of habeas corpus; accordingly, the court ordered Respondent to answer the newly amended petition and moved the status conference to October 5, 2011. (ECF No. 27-1 at 10).

Harper soon developed disagreements with Attorney Flesher; consequently, on January 26, 2012, the circuit court allowed Mr. Flesher to withdraw and granted Harper's request to proceed *pro se*. (*Id.* at 11). Harper filed another amended petition and *Losh* checklist on February 13, 2012. The circuit court scheduled an omnibus hearing on the petition for May 22, 2012. (*Id.*). Harper then filed a final cumulative supplement to his petition on April 18, 2012, and the hearing was continued until June 26, 2012. [3] (*Id.* at 12).

On June 26, 2012, the presiding circuit judge conducted a hearing at which he explained the purpose of the omnibus hearing and the procedure that would be followed. At this time, Harper indicated his desire to call witnesses to testify at the

---

[3] The Clerk of the Cabell County Circuit Court provided the undersigned with a certified copy of an Order entered by the Honorable Paul Farrell, Circuit Judge, on July 5, 2012, which summarizes the June 26 hearing and confirms Harper's participation.

- 4 -

omnibus hearing; therefore, the court instructed Harper to provide in advance a list of the witnesses; the scope of their anticipated testimony, and the specific alleged constitutional violations to be addressed by each witness. The circuit court indicated that after Harper provided the witness information, the matter would be promptly set for a full omnibus hearing.

## II. Discussion

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." As a prerequisite to filing a § 2254 action, the habeas petitioner must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion of state remedies requires the petitioner to fairly present the federal constitutional issues to the state courts and allow them "one full opportunity" to resolve the issues. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Considering that the purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Picard,* 404 U.S. at 275, fair presentation demands that the state courts be fully informed of "'both the operative facts and the controlling legal principles.'" *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000), *quoting Matthews,* 105 F.3d at 911. Generally, when a petitioner has failed to exhaust his state court remedies, a federal habeas petition should be dismissed. *McDaniel v. Holland,* 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986), citing *Preiser v. Rodriguez,* 411 U.S. 475, 477 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

In West Virginia, exhaustion is accomplished in one of three ways; by (1) presenting the federal constitutional issues directly to the West Virginia Supreme Court through an appeal of the conviction or sentence; (2) filing a petition for a writ of habeas corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice; or (3) filing a petition for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the West Virginia Supreme Court, if the result is adverse. *Moore v. Kirby,* 879 F.Supp. 592, 593 (S.D.W.Va. 1995). The parties in the present action agree that Harper has not exhausted his state court remedies because he has not completed any one of the three procedures.[4] (ECF Nos. 27, 28 at 4). Nonetheless, Harper contends that the exhaustion requirement should be excused in his case in light of the circuit court's "inordinate, excessive, unjustifiable, unjustified, unnecessary and/or inexcusable delay or inaction in the adjudication or disposition" of his pending habeas petition, "rendering exhaustion futile and/or rendering the process unavailable." (ECF No. 28 at 3-4). In Harper's view, he has been unfairly plagued by incompetent counsel and hindered by a judicial system unable to control the pace of the proceeding.

A federal court may excuse the exhaustion requirement when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). These statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).

---

[4] There is also no dispute that all thirteen grounds raised by Harper in the federal petition are currently pending before the circuit court in the state habeas action.

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized that in extreme cases, state remedies "may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman,* 1995 WL 48002 *1 (4th Cir. 1995). The question is whether the given delay is so extraordinary that it amounts to a violation of the petitioner's right to due process. *United States v. Brown,* 292 Fed.App'x 250, 252 (4th Cir. 2008), citing *United States v. Johnson,* 732 F.2d 379, 381 (4th Cir. 1984) ("undue delay in processing an appeal may rise to the level of a due process violation"). To determine whether a given delay amounts to a due process violation, the Fourth Circuit has adopted the four-factor speedy trial analysis outlined in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 2191–93, 33 L.Ed.2d 101 (1972). *See Johnson,* 732 F.2d at 382. These factors include (1) the length of delay, (2) the reason for the delay, (3) the petitioner's assertion of his rights, and (4) any prejudice to the petitioner from the delay. *Id.* at 381-82. No one factor is dispositive of the issue; instead, they are to be considered together in light of the particular circumstances of the case. *Barker,* 407 U.S. at 530–33.

Looking at the length of the delay in this case, the undersigned notes that Harper first filed a petition for habeas relief in December 2008; accordingly, the petition has been pending for over three and a half years. While there is "no talismanic number of years or months" at which a delay becomes inordinate, this amount of time certainly falls within the range that requires close examination. *Coe v. Thurman,* 922 F.2d 528, 531 (9th Cir. 1990) (finding a four year delay to be "alarming."); *Workman v. Tate,* 957 F.2d 1339, 1344 (6th Cir. 1992) (failure to exhaust state remedies was excused where habeas petitioner's motion for post-conviction relief "languished" in the state courts for more than three years.); *Lee v. Stickman,* 357 F.3d 338 (3d Cir. 2004) (exhaustion

excused as futile when post-conviction relief was pending in State court for eight years); *Mathis v. Hood,* 851 F.2d 612 (2d Cir. 1988) (six year delay in direct appeal excused exhaustion of state remedies); *but see Cook v. Florida Parole and Probation Commission,* 749 F.2d 678 (1985) (three and a half year delay in ruling on petitioner's motion for post-conviction relief was unfortunate, but did not justify excusing exhaustion requirement); *Booker v. Kelly*, 636 F. Supp 319 (W.D.N.Y. 1986) (three year delay in appeal caused by ineffectiveness of defense counsel was not the equivalent of a complete absence of state corrective procedure).

Even still, in the Fourth Circuit, "the length of delay is not a determinative factor when some of the delay is attributable to petitioner." *Walkup v. Haines*, 2005 WL 2428163 *3 (S.D.W.Va. Sept. 30, 2005) (citing *Matthews v. Evatt,* 51 F.3d 267 n.* (4th Cir. 1995) (unpublished decision) (four year delay did not excuse exhaustion where some of the delay was attributable to petitioner)). Thus, examining the second *Barker* factor, the undersigned concludes that Harper unquestionably bears some responsibility for the delay here. First, the habeas proceedings were stayed at Harper's request; this stay accounted for approximately seven months of the delay. Moreover, since the beginning of the process, Harper has requested or instigated the removal of four court-appointed lawyers, requiring each replacement attorney to take time obtaining and reviewing the file to become familiar with the applicable facts and law. In addition, Harper has filed numerous amendments and supplements to his original petition, some of which included lengthy legal arguments and claims pertaining to new evidence. Harper fails to appreciate that each new filing resulted in additional delay inasmuch as the presiding judge and the Respondent had to review, analyze, and address Harper's supplemental arguments. Because some of the filings were made *pro se,* and presumably

without the advise of counsel, Harper's own lawyer was also required to reconcile these documents with the overall case strategy, which again slowed the process. Harper's repetitive filings for writs of mandamus in the West Virginia Supreme Court, coupled with his written complaints to the Office of Disciplinary Counsel regarding his lawyers— all of which required responses—were similar diversions for which he must accept responsibility. Quite simply, the sheer volume of Harper's written productions have *decelerated* the wheels of justice.

When considering the remaining *Barker* factors, the circumstances in this case clearly do not rise to the level of a due process violation. The undersigned acknowledges that Harper has diligently asserted his rights, but the delay on his petition to date has not prejudiced his position. A review of the docket sheet confirms that considerable activity has occurred in Harper's state habeas action. The proceedings of his trial were promptly transcribed and provided to him. Multiple status conferences were held and an omnibus hearing on the petition was scheduled more than once. Harper has been given every opportunity to amend his original petition and provide extensive argument and case citations. Even when represented by counsel, Harper was permitted to file lengthy *pro se* documents. On each occasion that Harper complained about his appointed counsel, he was given replacement representation. All of these actions demonstrate the commitment of the state to insuring Harper's due process rights. The circuit court recently issued an order indicating that the omnibus hearing will take place shortly after Harper presents a list of witnesses that he intends to call at the hearing. Clearly, the case is not dormant nor has it languished. Furthermore, the record does not suggest that the state has intentionally hindered a timely resolution of the petition. Accordingly, given the current posture of the state proceeding, the undersigned **FINDS**

that Harper has failed to exhaust his state remedies and has not raised sufficient grounds to justify excusing the exhaustion requirement of 28 U.S.C. § 2254.

## III. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

> 1. Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody (ECF No. 2) be **DISMISSED, without prejudice,** so that he may exhaust his state court remedies;
>
> 2. Petitioner's Application to Proceed Without Prepayment of Fees and Costs be **DENIED** (ECF No. 1); and
>
> 3. Petitioner's Motion for Partial Summary Judgment and the incidental motions be **DENIED**, as moot. (ECF Nos. 3, 4, 5, 6, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 30).

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and any counsel of record.

**FILED:** August 27, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge